ASSIGNMENT FOR BENEFIT OF CREDITORS—WAGES—MOTION TO PAY AS PREFERRED CLAIM.

> Under Laws 1897, c. 624, § 29 (General Assignment Act), giving a debt due an employé of the assignor at the time of the assignment for services rendered within one year prior thereto preference over all other debts, where the papers on a motion that an employé be paid his wages in full do not show whether there is sufficient money in the assignee's hands to pay all preferred claims for wages in full, or only pro rata, or that the services were rendered within one year prior to the execution of the assignment, the motion will be denied.

Motion in the matter of the assignment of John J. Jacobs to have claim for services paid by assignee in preference to other claims. Denied.

Guggenheimer, Untermyer & Marshall, for the motion.
R. H. Griffin, opposed.

GILDERSLEEVE, J. This is a motion to compel an assignee for the benefit of creditors to pay a claim for services rendered to the assignor previous to the assignment, on the ground that it is a preferred claim under section 29 of the general assignment act (Laws 1897, c. 624). It appears, however, that some question has been raised as to whether the claim in question is of a nature to bring it within the provision of the act referred to, which is as follows, viz.:

"In all distribution of assets under all assignments made in pursuance of this act, the wages or salaries actually owing to the employés of the assignor or

assignors at the time of the execution of the assignment for services rendered within one year prior to the execution of such assignment, shall be preferred before any other debt; and should the assets of the assignor or assignors not be sufficient to pay in full all the claims preferred, pursuant to this section, they shall be applied to the payment of the same pro rata to the amount of each such claim."

It further appears that an action is pending to set aside the assignment. The assignee requests that this motion be postponed until the determination of this action. It does not appear from the papers on this motion whether or not there is sufficient money in the assignee's hands to pay all the preferred claims of this kind, so that it is not possible to say, even assuming that the claim in question is entitled to the preference demanded, whether it should be paid pro rata or in full. The motion is that it be paid in full. Nor does it appear whether or not the alleged services were rendered within one year prior to the execution of the assignment. Without passing upon the merits of the claim, it seems to me that the moving papers are insufficient, and also that the application is premature.

Motion denied; no costs.